U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 7 2013

CLERK, U.S. DISTRICT COURT
By_____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-150-A |
| | § | (NO. 4:09-CR-172-A-1) |
| NGOZI NNAJI | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Ngozi Nnaji

("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  Having reviewed the motion, movant's

memorandum, the record, the government's response, movant's

reply, and applicable legal authorities, the court concludes that

none of the grounds has merit and the motion should be denied.

I.

Background

Movant was found guilty of one count each of (1) conspiracy

to commit forced labor, in violation of 18 U.S.C. §§ 371 and

1589; (2) forced labor and attempted forced labor, and aiding and

abetting, in violation of 18 U.S.C. §§ 1589, 1594, and 2; (3)

harboring a domestic worker for financial gain, in violation of 8

U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); (4) conspiracy

to harbor for financial gain, in violation of 8 U.S.C. §§

1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); (5) domestic servitude
and aiding and abetting, in violation of 18 U.S.C. §§ 1589, 1592,
and 2; and (6) making false statements to federal agents, in
violation of 18 U.S.C. § 1001(a)(2). She was sentenced to 108
months imprisonment and three years of supervised release. Her
conviction and sentence were affirmed, United States v. Nnaji,
447 F. App'x 558 (5th Cir. 2011), and certiorari review was
denied, Nnaji v. United States, 132 S. Ct. 1763 (Mar. 19, 2012).
Movant timely filed her motion under § 2255 on February 25, 2013.

Movant's convictions resulted from the actions of movant and
her husband, Emmanuel Nnaji, toward the victim in movant's
criminal case:

> The evidence at trial showed that the victim, a poor,
> illiterate, Nigerian widow who spoke little to no
> English agreed to come to the United States to look
> after the Nnajis' child so that she could earn money
> for her own six children, one of whom was ill. Once
> she arrived, her household responsibilities grew, as
> did the number of children in her care. She woke at
> 4:00 a.m. every day, attended to all of the household
> chores, and was the sole caregiver for the Nnajis'
> children (They eventually had three.). She did not
> have a room of her own and slept in the children's
> room. Emmanuel repeatedly sexually assaulted her. Over
> the more than eight years that the victim spent working
> for the Nnajis, she was not paid, and her family in
> Nigeria received less than $400 from the Nnajis.

Nnaji, 447 F. App'x at 559. Movant's brother obtained false
documents for the victim, and arranged for the victim's travel to
the United States. Id. at 560. Movant and her husband picked

2

the victim up from the airport, confiscated the victim's passport and documentation, and essentially imprisoned the victim in their home. Id.

## II.

### Grounds of the Motion

Movant alleges that she was denied effective assistance of counsel in the following ways: (1) counsel did not call her to testify even though she told counsel she wanted to take the stand; (2) counsel failed to move for a judgment of acquittal at the close of evidence, which "caused the appeal to be reviewed under stricter standard;" and (3) counsel failed to adequately investigate or interview certain potential witnesses that could have offered mitigating and exculpatory evidence. Mot. at 7; memo. at 3-4.

## III.

### Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge her conviction or sentence after it is presumed

3

final on issues of constitutional or jurisdictional magnitude
only, and may not raise an issue for the first time on collateral
review without showing both "cause" for her procedural default
and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937
F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
<u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).  Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack."  <u>Moore v. United States</u>, 598 F.2d 439, 441
(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,
517-18 (5th Cir. 1978)).

B.   <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim,
movant must show (1) that her counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for her counsel's unprofessional

4

errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs
of the Strickland test must be met to demonstrate ineffective
assistance.  Id. at 697.  Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one."  United States
v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood
of a different result must be substantial, not just conceivable,"
Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result."  Cullen v.
Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466
U.S. at 686)).  Judicial scrutiny of this type of claim must be
highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide
range of reasonable professional assistance.  Strickland, 466
U.S. at 689.

C.   None of Movant's Grounds Has Merit

   1.   Failure to Call Movant to Testify

Movant contends that she "repeatedly expressed to counsel
her desire to take the stand and testify at trial," and that
counsel prevented her from doing so.  Memo. at 4, 10.  She argues

that, had she been able to take the stand, she would have
testified that (1) it was movant's brother, not movant, who
arranged for movant's victim to be transported from Nigeria to
the United States to work for movant; (2) movant was not aware
that the victim was being brought to the United States until
movant and her husband picked up the victim at the airport; (3)
movant did not see or have any knowledge of the victim handing
over her passport to movant's husband; and (4) the victim
conspired with a priest to make allegations against movant and
her husband so that the victim could legally remain in the United
States.  Memo. at 14.

A criminal defendant has the right to take the stand and
testify in her own defense, Rock v. Arkansas, 483 U.S. 44 (1987),
and the appropriate vehicle for raising a claim that counsel
prevented a defendant from testifying is a § 2255 motion, United
States v. Brown, 217 F.3d 247, 258-59 (5th Cir. 2000).  A movant
in a § 2255 motion "who argues that his attorney prevented him
from testifying must still satisfy the two prongs of Strickland."
United States v. Harris, 408 F.3d 186, 192 (5th Cir. 2005).  Even
if movant's attorney had prevented her from taking the stand,
movant cannot satisfy the prejudice prong of Strickland because
she cannot show that there is a reasonable probability that her

testimony would have favorably affected the outcome of the
proceedings.

Movant was convicted on multiple counts related primarily to
the years the victim spent in the movant's home subjected to
movant's abuse, and there is no indication that movant's self-
serving statements would have had any influence on the jury, or
would have provided any evidence that movant was not guilty of
the crimes for which she was convicted.  Even if someone else had
originally hatched the scheme to lure the victim to the United
States, and movant had not been aware of the scheme at that time,
she clearly joined the scheme by holding the victim captive in
her home for eight years.  Movant's argument that she was unaware
that the victim handed over her passport to movant's husband
likewise fails.  Movant was involved in picking up the victim at
the airport and forcing the victim to work in movant's home, and
certainly would have known that the victim was handing over her
passport or other documentation, so that movant and her husband
could keep the victim in the United States.  Further, every
action movant took once the victim had arrived confirmed her
knowledge that she was illegally forcing the victim into
servitude and preventing her from leaving the country.  Finally,
there is nothing whatsoever to indicate that movant's proposed
story that the victim conspired with a priest was credible, or

that the jury would have believed it.   No evidence was presented,

or referred to, that could have led anyone to believe that

movant's story could be true, and the story, at best, would have

been speculative and unsupported.   Accordingly, movant cannot

show that there is a substantial likelihood that her testimony

would have altered the outcome of the proceedings, and cannot

show that she was prejudiced by not testifying at her trial.

    2.   <u>Failure to Move for Judgment of Acquittal</u>

    Movant next contends that counsel was ineffective for

failing to move for a judgment of acquittal at the close of

evidence, causing her appeal to be reviewed under a more

deferential standard.   To succeed on this claim, movant must show

that there was "a reasonable probability that had counsel moved

for a judgment of acquittal, the motion would have been granted

on the basis of insufficiency of evidence."   <u>United States v.

Rosalez-Orozco</u>, 8 F.3d 198, 199 (5th Cir. 1993).   In determining

whether such a motion would have been granted, the court

considers "whether, viewing the evidence and the inferences that

may be drawn from it in the light most favorable to the verdict,

a rational jury could have found the essential elements of the

offenses beyond a reasonable doubt."   <u>Id.</u> at 200.   After

examining the record, it is clear that there was more than

sufficient evidence for a rational jury to convict movant, as

8

"[t]he evidence showed that [movant] individually and in concert with her husband took advantage of the victim's vulnerabilities and coerced her into performing work for the family," that movant knew the victim was an illegal alien, that movant "concealed the victim from detection," and that "the jury could have inferred that [movant] continued to conceal and possess the [victim's] passport." Nnaji, 447 F. App'x at 560-61. Thus, it is clear that a motion for a judgment of acquittal would have been meritless, and, accordingly, counsel was not deficient for failing to move for a judgment of acquittal. See id. at 202; United States v. Cruz, 66 F. App'x 525 (5th Cir. 2003).

   3.   Failure to Investigate and Interview Potential Defense
        Witnesses

   Movant contends that she attempted to provide information regarding potentially favorable witnesses, but her attorney did not investigate the information or interview the witnesses.  A defendant "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).  Further, the Fifth Circuit has explained, "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified

are largely speculative." <u>Sayre v. Anderson</u>, 238 F.3d 631,
635-36 (5th Cir. 2001) (citing additional cases).  Thus, movant
must specifically show what evidence her attorney could have
obtained and how it would have favorably altered the outcome of
her trial.

Movant provides various documents she describes as
affidavits to show what an investigation of potential witnesses
may have revealed in her case.  She focuses mainly on the
information her brother could have provided if counsel had
located him and convinced him to come to the United States from
Nigeria and testify.  She contends that he could have explained
that he knew the victim in Nigeria and arranged for the victim to
travel to the United States, unbeknownst to movant; that he had
discovered, through movant, that the victim conspired with a
priest to bring false allegations against movant; and essentially
that movant's brother was an upstanding, honorable person who had
only sought to help the victim.  Movant's App. at 4-8.  Movant
also references the other documents, which generally provide
statements regarding the victim's life in Nigeria, desire to
travel to the United States, and how movant's brother arranged
for the victim's travel to the United States.

The documents provided by movant do not include anything
exculpatory, and do not cast doubt on her guilt in any way.  At

most, the potential witnesses may have given the impression that movant was unaware that the victim was being brought to the United States.  As discussed above, whether movant knew the victim was coming to the United States has no bearing on movant's conduct once the victim reached the United States.  Movant points to no evidence that could have been provided by any of the individuals she lists that could speak to movant's conduct during the eight years movant forced the victim into servitude.  All of the potential witnesses were located in Nigeria, and none could have personal knowledge of any of the events that took place in the United States.  Thus, movant cannot show that it was unreasonable for her attorney not to investigate or interview these witnesses, and she cannot show that she was prejudiced.

D.   Request for an Evidentiary Hearing

Movant contends that she is entitled to an evidentiary hearing; however, because the court has concluded that it is readily apparent that movant's claims lack merit, a hearing is unnecessary.  See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (motion under § 2255 can be denied without a hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").

IV.

Order

Therefore,

The court ORDERS that the motion of Ngozi Nnaji to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 17, 2013.

_____
JOHN McBRYDE
United States District Judge

12